UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



August 5, 2022

LETTER TO COUNSEL

    RE:    *Ronald J., Jr. v. Kijakazi, Acting Commissioner of Social Security*
             Civil No. GLS 21-01845

Dear Counsel:

    Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Ronald J., Jr., and the Social Security Administration. (ECF Nos. 17, 18). The Plaintiff also filed a reply brief. (ECF No. 19). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

    The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

## I.     BACKGROUND

    Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income, on September 28, 2018. In both applications, the Plaintiff alleges that disability began on September 1, 2016. (Tr. 16). These claims were initially denied on July 11, 2019, and upon reconsideration, denied again on November 14, 2019. (*Id.*). On December 3, 2019, Plaintiff filed a written request for a hearing, which was granted. The hearing was conducted on November 30, 2020 by an Administrative Law Judge ("ALJ"). (*Id.*). On December 29, 2020, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 18-25). On May 25, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. §422.210(a).

*Ronald J., Jr.. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-01845
August 5, 2022
Page 2

**II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 18-25). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2016, the alleged onset date of Plaintiff's disability. (Tr. 18). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disorder and dysfunction of the major joints. (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28. (*Id.*). However, at step three the ALJ

also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 19-20). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasionally able to climb ramps or stairs; never able to climb ladders, ropes or scaffolds; occasionally able to balance, stoop, kneel, crouch or crawl; limited to occasional use of the left lower extremity for pushing/pulling or operation of foot controls; limited to frequent use of either upper extremity for reaching in any direction; avoid concentrated exposure to extreme cold or damp conditions; avoid concentrated exposure to vibration; avoid work at unprotected heights; and be able to adjust position every 45 minutes while remaining at or near the workstation or work area.

(Tr. 20). At step four, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 23-24). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same RFC as the Plaintiff would be precluded from performing the Plaintiff's past work as a laborer, kitchen utility worker, cook, or cook supervisor. (Tr. 60). The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work as actually or generally performed. (*Id.*). The VE also testified that if an individual were to be off-task fifteen percent or more of the workday, then that individual would be precluded from competitive employment. (Tr. 62). At step five, the ALJ ultimately determined that Plaintiff was not disabled, because he could perform other sedentary work existing in significant numbers in the national economy, e.g., as a table worker, sorter, and final assembler. (Tr. 24-25).

### III.   DISCUSSION

In requesting summary judgment, Plaintiff contends that substantial evidence does not exist to support the ALJ's decision for the following reasons: (1) the ALJ erroneously evaluated the medical opinion evidence regarding Plaintiff's medical conditions; and (2) regarding Plaintiff's RFC, the ALJ did not explain how the evidence supports the conclusion that Plaintiff must be able to "adjust position every [forty-five] minutes" at work to accommodate his physical limitations (i.e., "the forty-five minute adjustment limitation"). (ECF No. 17, "Plaintiff's Motion," pp. 14-25; ECF No. 19, "Plaintiff's Reply," pp. 2-6). The SSA counters that: (1) the ALJ properly assessed the medical opinion evidence; and (2) the forty-five minute adjustment limitation was defined at the hearing and was consistent with Plaintiff's testimony. (ECF No. 18, "SSA's Motion," pp. 5-12).

I have carefully reviewed the arguments and the record. I find that the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion that a forty-five minute

adjustment limitation in Plaintiff's RFC was appropriate. Accordingly, I find that remand is appropriate, for the reasons set forth below. Because this case is being remanded, I will not address Plaintiff's other argument.

A proper RFC narrative consists of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (citation omitted). The Fourth Circuit requires an ALJ's findings regarding a claimant's RFC to be "accompanied by 'a narrative discussion describing' the evidence supporting" each conclusion. *Id.* (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)); *see also* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In her narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted). This involves "citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. 34,478 (July 2, 1996) (internal quotation marks omitted)). An ALJ's logical explanation is just as important as the other two components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020).

The Court finds instructive the case of *Candace W. v. Kijakazi*, Civ. No. TJS-20-3344, 2022 WL 521967, at *1 (D. Md. Feb. 22, 2022). In *Candace W.*, the ALJ included a limitation in the claimant's RFC that she would need to alternate between sitting and standing every twenty-five minutes, for about one to three minutes each time. *Id.* The *Candace W.* court found that at the hearing the VE testified that employers would tolerate an "off task rate of up to ten percent." *Id.* at *2. However, the court held that the ALJ failed to include a narrative discussion of the evidence to support the finding that the claimant would need to change position after twenty-five minutes, as opposed to any other interval of time. *Id.* In addition, the claimant testified that she could sit for about twenty-five minutes and with adjustment could stand for the same amount of time, however, the ALJ failed to explain how shifting positions would allow the claimant to "continue working" in a seated position for another twenty-five minutes. *Id*. Because the ALJ did not provide an explanation of how the evidence supported the "twenty-five minute adjustment limitation," nor of how the claimant could remain on task for ninety percent of the workday, remand was necessary. *Id.* at *3; *c.f. Petry*, 2017 WL 680379, at *2 (remand required, where ALJ did not explain how the evidence supported a determination that a claimant would be off-task for ten percent of the day, rather than any other number).

In this case, Plaintiff's RFC included a limitation that he must "adjust position every [forty-five] minutes." (Tr. 20). Plaintiff asserts that the ALJ failed to explain how he determined that a forty-five minute limitation would adequately account for his physical impairments. (Plaintiff's Motion, pp. 24-25). In rendering his decision, the ALJ cited to Plaintiff's statements at the hearing that Plaintiff could stand for approximately five to ten minutes and could sit for about five minutes before needing to stand. In addition, during the hearing, the Plaintiff told the ALJ that he was alternating between sitting and standing. (Tr. 21). The ALJ also found that, during the hearing, "there [was] no audible indication that [Plaintiff was] changing positions or in pain." (Tr. 21).

Ronald J., Jr.. v. Kijakazi, Acting Commissioner of Social Security
Civil No. GLS 21-01845
August 5, 2022
Page 5

At the hearing, the ALJ posed a hypothetical question to the VE based on Plaintiff's RFC, including the forty-five minute adjustment limitation. (Tr. 61). The ALJ defined the limitation as "either simply adjusting in the seat; maybe standing up for a minute or two, sitting back down; but not leaving the work area for . . . , more than a minute or two and coming back[.]" (Tr. 61). In response, the VE testified that, despite the added limitation, Plaintiff could still work as a table worker, sorter, and final assembler, and these positions would remain in the same numbers in the national economy. (Tr. 61). The ALJ then asked the VE if she had any opinion regarding the percentage of time off-task an individual can be and still maintain competitive employment. The VE testified that, in general, an individual who is off-task fifteen percent of the day more cannot "maintain competitive employment." (Tr. 62). Plaintiff's counsel argued at the hearing that Plaintiff should be found disabled because Plaintiff's need to change position every five minutes will cause him to be off-task more than fifteen percent of the workday. (Tr. 63-64).

Like the ALJ in *Candace W.*, the ALJ in this case assigned a forty-five minute adjustment limitation without any explanation as to why Plaintiff's impairments required this limitation. (Tr. 20). Specifically, the ALJ provided "no narrative discussion of what medical evidence" he relied upon to determine that Plaintiff could perform sedentary work if he was able to adjust his position every forty-five minutes, rather than any other interval of time. (Tr. 20-23). In addition, the ALJ failed to explain how Plaintiff could remain on-task for eighty five percent of the workday in light of his need to alternate between sitting and standing. I find that this lack of explanation is material because the VE testified that if Plaintiff were off-task fifteen percent during the workday, Plaintiff could not be employed. (Tr. 62). Without further explanation from the ALJ, I am unable to ascertain how the ALJ assessed Plaintiff's impairments and testimony. Nor can I engage in meaningful substantial evidence review. *See Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016) (holding where the ALJ did not adequately explain his analysis, the Court was unable to undertake meaningful substantial evidence review); *Candace W.*, 2022 WL 521967, at *2-3 (remanding, where ALJ failed to explain how RFC limitation requiring adjustment in position would allow claimant to be on-task for ninety percent of the workday); *Keith L. v. Saul*, Civ. No. DLB-20-930, 2021 WL 1723084, at *2 (D. Md. Apr. 30, 2021) (holding that finding of time off-task materially affected claim where VE testified that a finding of fifteen percent time off-task would preclude competitive employment).

In sum, I find that the ALJ failed to fashion a "logical bridge" between the evidence and his determination. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe*, 826 F.3d at 189) (internal citation omitted). Accordingly, remand is warranted. On remand, the ALJ should provide a proper narrative discussion on how the evidence supports each RFC determination and build an accurate and logical bridge from the evidence to each conclusion.

IV.   CONCLUSION

For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 17, 18) are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to an inadequate RFC assessment. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to

*Ronald J., Jr.. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-01845
August 5, 2022
Page 6

whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.  The Clerk of the Court is directed to **CLOSE** this case.  A separate Order follows this Opinion.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge